[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO QUASH SUBPOENA AND MOTION FOR ORDER TO DISCLOSE MEDICAL RECORDS
Watertown Police Union Local #541, Council #15, AFSCME, AFL-CIO ("police union") has issued subpoenas to Gene Balboa, M.D. and Waterbury Hospital ("hospital") seeking certain hospital records in connection with the arbitration of a union grievance concerning disciplinary action taken against members of the police union's bargaining unit. The police union seeks the hospital records of Debra Geary, who allegedly died of ingestion of a drug in an incident in which members of the Watertown police department are alleged by their employer to have provided inadequate and inappropriate response to a request for assistance. It is uncontested that Dr. Balboa was an attending physician at Waterbury Hospital during Ms. Geary's treatment there and that he has no records other than the hospital's records.
The police union seeks to prove through Ms. Geary's hospital records that the outcome was the result of medical causes and not of neglect or CT Page 1767 malfeasance by its unit members.
In the subpoenas at issue, the police union seeks the following documents: "Any and all records and documentation related to the treatment of Debra Geary . . . for the time period from April 8, 2001 to April 16, 2001." Ms. Geary died on the latter date. (The court has omitted the social security number and date of birth set forth in the text of the subpoena.) The subpoenas were served on Dr. Balboa and the hospital on January 2, 2002. The police union seeks production of the documents for use at the next session of the arbitration proceeding before the Connecticut Board of Mediation and Arbitration on March 6, 2002.
Waterbury Hospital and Dr. Balboa have moved to quash the subpoena on the grounds that it "violates 42 C.F.R. § 2.1 et al (sic),42 U.S.C. § 290 dd-2 and Conn. General Statutes § 17a-688, 19a-583,52-146c, d and e and -146o; 52-140e, 52-146f and 52-146o". The movants assert that the police union failed to obtain a court order for the disclosure of the information sought before issuing the subpoena.
The hospital and Dr. Balboa note that they have received no indication that the administrators of the estate of Debra Geary consented to the release of the subpoenaed records, and the police union does not represent that it has obtained such consent.
The police union has moved for an order requiring the hospital to disclose the medical records.
While Dr. Balboa has invoked statutes applicable to communications with psychiatrists, neither party presented evidence from which this court can determine whether Dr. Balboa is a psychiatrist or whether any of the medical personnel whose notes are included in the hospital record was a psychiatrist or was working under the supervision of a psychiatrist.
The person whose records are at issue is alleged to have died on April 16, 2001. No representative of her estate has moved to intervene with regard to the disclosure of the medical information.
Standard of review
Dr. Balboa and the hospital invoke statutes concerning the protection from disclosure of records of drug treatment and communications to psychiatrists and those assisting psychiatrists.
Title 42 U.S.C. § 290dd-2 (a) provides that "(r)ecords of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity CT Page 1768 relating to substance abuse . . . treatment . . . which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall . . . be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b)." Subsection (b)(2)(c) permits disclosure of such records without the consent of the patient "(i)f authorized by an appropriate application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm."
"Objective data," such as results of drug tests, intake records, and physical findings may be ordered to be disclosed if the "good cause" standard of 42 U.S.C. § 290dd-2- (b)(2)(c) is met. "Confidential communications," such as communications by the patient to the facility's professionals for the purpose of obtaining treatment, may be ordered to be disclosed only if good cause is shown and if other ways of obtaining the information do not exist and "the public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.
The Connecticut Supreme Court has stated that the federal standards concerning the confidentiality of drug treatment information are incorporated into Connecticut's analogous statute, Conn. General Statutes § 17a-688 (c), and that the state's confidentiality provisions are the same as the federal statute and regulations and do not impose different standards or additional requirements. State v. Rollinson,203 Conn. 64, 654 (1987).
The police union has not contested that Waterbury Hospital is a federally-assisted facility that is subject to the cited federal regulations concerning disclosure of records of drug treatment.
The court finds that there is good cause for disclosure of this evidence in connection with disciplinary action against the police officers who responded to a call for assistance that led to Ms. Geary being in police custody.
Conn. General Statutes § 19a-583, which protects records concerning HIV-related conditions from disclosure is not applicable, as the records at issue do not relate to any such condition.
The other statutes cited by the hospital and Dr. Balboa, Conn. General Statutes 52-146c and — 146d, protect from disclosure communications by family members to psychologists and psychiatrist. Consent of the patient or her representative is not needed if the court finds that good cause has been shown for disclosure at proceedings to which the patient is a party or at which the patient's competency is put at issue by the CT Page 1769 patient. Conn. General Statutes § 52-146f.
Findings
The court conducted an in camera review of the medical records at issue with respect to their inclusion of information protected by the cited statutes concerning records of drug treatment and psychiatric communications.
Are the records protected from disclosure by statutes concerning drugtreatment?
The medical records contain no communications at all between the patient and any medical personnel, as the patient was identified as being comatose at the time of admission. The record does not reveal that any of the information contained therein resulted from any communication with the patient, and the court therefore finds that all of the information at issue concerning drug history and physical condition with regard to ingestion of drugs constitutes objective findings, not confidential communications.
Are the records protected by statutes concerning psychiatric records? 
The records contain statements made by family members concerning Ms. Geary's psychiatric history and condition. Oral communications relating to diagnosis or treatment of a patient's medical condition between a member of a patient's family and a psychiatrist "in the accomplishment of the objective s of diagnosis and treatment," if provided to a psychiatrist or medical personnel working under the supervision of a psychiatrist may not be disclosed except in the circumstances set forth in Conn. General Statutes § 51-146f. The parties have failed to provide evidence from which this court could determine whether Dr. Balboa is a psychiatrist or whether any of the medical personnel whose notes and findings are part of the hospital record are psychiatrists. However, because Ms. Geary was comatose when admitted to the hospital, and because she continued to be comatose at the time her family members offered background concerning her condition, this court finds that such information could not have been offered by family members "in the accomplishment of the objective of diagnosis and treatment" of any psychiatric condition. Instead, the information was gathered in aid of ascertaining the cause of Ms. Geary's physical condition.
Accordingly, the court finds that the cited statutes concerning nondisclosure of communications to a psychiatrist do not apply.
Conclusion
CT Page 1770
The court finds that good cause exists for disclosure of the medical records that are described in the subpoena at issue and that the prohibition on disclosure of communications made for the purpose of psychiatric diagnosis and treatment do not apply. The motion to quash is denied, and the court orders disclosure of the records to the police union by February 18, 2002.
Beverly J. Hodgson Judge of the Superior Court